ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARREN PENSON, | ) |
| | ) CASE NO. 1:06CV140 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge John R. Adams |
| | ) |
| AUTOZONE STORES, INC., *et al.*, | ) MEMORANDUM OPINION & ORDER |
| | ) [Resolving Doc. 31] |
| Defendants. | ) |
| | ) |

This matter is before the Court on Motion for Summary Judgment filed by Defendants Autozone Stores, Inc., John Morgan, and Kenneth Westfall. According to Defendants, Plaintiff Darren Penson cannot establish that Defendants violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* when they chose to terminate his employment. Therefore, they move the Court to grant summary judgment in their favor.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court is to determine "whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Importantly, the court views the evidence of record and draws all reasonable inferences in the light most favorable to the nonmoving party. *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

Summary judgment is appropriate if the party that bears the burden of proof at trial does not establish an essential element of its case. *Tolton v. Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). In order for there to be a genuine issue for trial, there must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249.

Where, as here, a motion for summary judgment is unopposed, the Court at a minimum must examine the motion to ensure that the moving party has discharged its initial burden of demonstrating the absence of a genuine issue of material fact.[1] *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). It must intelligently and carefully review the legitimacy of the motion, considering the possibility of evidentiary misstatements by the moving party and keeping in mind the context in which the evidence arose. *Id.*

Notwithstanding the foregoing, the Court properly relies on the facts provided by the moving party once it is satisfied that the movant has not misrepresented the facts as established by the record as a whole. *Id.* at 404-09. The Sixth Circuit has explained that nothing in the Federal Rules of Civil Procedure or case law supports an argument that the district court must conduct its own probing investigation of the record in order to discover an issue of material fact

---

[1] Plaintiff was initially represented by counsel in this matter. His counsel, however, filed a motion to withdraw representation, claiming a complete breakdown of attorney-client communications (Doc. 25). The Court granted the motion (Doc. 27) and scheduled a status conference. Plaintiff failed to appear at the status conference scheduled for September 20, 2006 (*See* minute entry on ECF). Accordingly, and in light of Defendants' pending motion for summary judgment, the Court issued an Order giving Plaintiff an enlargement of time to either retain counsel or to file his opposition pro se (Doc. 33). To date, no opposition has been filed.

when a summary judgment motion is unopposed. *Id.* at 405-06 (holding that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."). Thus, the Court is justified in relying on uncontested facts set forth in a summary judgment motion. *Id.* at 404-09.

Here, the Court has been advised, having examined the parties' pleadings, Defendants' motion, the attached exhibits, and the applicable law. In doing so, and in applying the above-stated standard, the Court finds Defendants' motion well-taken. The evidence shows that Autozone's decision to terminate Plaintiff occurred before he requested leave. Therefore, he was not an eligible employee under the FMLA, and not entitled to benefits thereunder. *See Brohm v. JH Properties, Inc.*, 149 F.3d 517, 523 (6th Cir. 1998) (affirming summary judgment and noting that there was no evidence that the plaintiff requested medical leave *while* he was employed). *See also Green v. Burton Rubber Processing, Inc.*, 30 Fed. Appx. 466, 471 (6th Cir. 2002) (citation omitted) (noting that a discharged employee is not entitled to leave under the FMLA).

Accordingly, the Court grants summary judgment on Plaintiff's FMLA claim. Summary judgment is also granted on Plaintiff's state law claim. *See generally Cavin v. Honda of America Mfg., Inc.*, 346 F.3d 713, 727 (6th Cir. 2003) (noting that Ohio does not recognize a cause of action for wrongful discharged in violation of the public policy embodied in the FMLA).

IT IS SO ORDERED.

| October 30, 2006 | *s/John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |